UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TERRY GLENN JOHNSON** | **CIVIL ACTION NO. 3:25-CV-00197** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WALMART INC** | **MAGISTRATE JUDGE PEREZ-MONTES** |

MEMORANDUM ORDER

Before the Court is a Motion to Compel Discovery Responses and Production filed by *pro se* Plaintiff Terry Glenn Johnson ('Johnson'). ECF No. 28. Johnson seeks an order compelling Defendant Walmart Inc. ('Walmart') to provide complete responses to his first set of interrogatories and requests for productions. *Id.* at 1. He also requests the "reasonable expenses incurred" in filing the instant motion. *Id.* at 3. Defendant Walmart Inc. ('Walmart') filed an opposition to Johnson's motion. ECF No. 33.

Johnson's Motion to Compel Discovery Responses and Production is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS ORDERED** that Johnson's motion is **DENIED AS MOOT** to the extent he seeks expedited consideration.

**IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** with respect to Requests for Production 20 and 21 and Interrogatory 22. Walmart has twenty-one (21) days to produce a supplemental response to Request for Production 20 and Interrogatory 22 verifying the requested video footage no longer exists. Walmart has twenty-one (21) days to produce a system log authenticating when the video and/or

still-image was created or, if no such log exists, an affidavit or declaration attesting to the evidence's authenticity and timing of creation.

**IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** to the extent he seeks an extension of the discovery deadline. **IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** to the extent he seeks an extension of the discovery deadline. The discovery deadline shall be reopened for thirty days to allow the parties to complete fact discovery. All remaining, unexpired deadlines are continued for approximately 120 days.

**IT IS FURTHER ORDERED** that the Scheduling Order [Record Document 16] is **VACATED**. The Clerk of Court is directed to issue a new Scheduling Order in due course in accordance with this memorandum order.

Johnson's motion is **DENIED** in all other respects.

## I. Background

In his complaint, Johnson contends Walmart subjected him to harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and violated the Louisiana Whistleblower Protection Law, La. Rev. Stat. § 23:967. ECF No. 1. Walmart denies the allegations asserted against it. ECF No. 6. The matter is currently set for trial on April 6, 2026. ECF No. 16.

Prior to the close of the discovery deadline, Johnson filed the instant motion to compel Walmart to produce complete responses to his First Set of Interrogatories and Requests for Production. *See* ECF No. 28 at 1. Johnson moves this Court to compel Walmart to produce a proper privilege log, full responses to all interrogatories

and requests for production, and all responsive, non-privileged documents. *Id.* at 5. Johnson additionally moves the Court to extend the discovery deadline to allow Johnson to depose Walmart's witnesses after receiving the completed written discovery. *Id.* at 2. Finally, he seeks an award of the "reasonable expenses incurred in making this motion . . . or other relief the Court deems appropriate." *Id.* at 3. Walmart responds that its supplemental discovery responses "render[] most, if not all, of [Johnson's] requested relief moot." ECF No. 33 at 4. Walmart further contends Johnson's motion is meritless because it either produced a complete response or had a valid objection. *Id.* at 4-5.

On January 14, 2026, the Court convened an oral argument for Johnson's motion to compel. During this proceeding, Walmart represented that the parties conferred to narrow the discovery issues and that it produced supplemental responses it believed satisfied the alleged deficiencies. After discussing the remaining discovery issues with the parties, the Court ruled as set forth *infra*.

## II. Law and Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving

3

party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

As discussed *supra*, Johnson argues that each of Walmart's discovery responses are deficient. The Court has reviewed those responses and Johnson's arguments. Walmart has additionally represented that its supplemental discovery responses mooted nearly all Johnson's arguments, a contention that Johnson did not contest. The Court turns now to the remaining discovery issues identified by the parties. The remaining discovery issues primarily center around Walmart's alleged failure to produce video footage of certain incidents in its stores.

In Request for Production 6, Johnson asked Walmart to produce "ESI Metadata and Data for All Responsive ESI." ECF No. 28-3 at 31. Walmart objected to this request as vague and unduly burdensome because the metadata "is not reasonably accessible and may contain confidential or private information . . . ." ECF No. 28-3 at 31. When the Court asked Johnson for the relevance of the metadata, he clarified he needed video footage related to a mispriced merchandise incident. Walmart maintains in good faith that this video footage does not exist. Because the sought-after metadata does not exist, Walmart's discovery response is sufficient, and

4

Johnson's request to compel this information is **DENIED**. The Court additionally sustains Walmart's objections to Requests for Production 1 through 5 for the same reason. That is, Walmart has represented that the additional information does not exist, and it cannot be compelled to produce non-existent information.

In Request for Production 21, Johnson requested "logs and forensic reports related to incidents at Stores 23 and 149, such as email server logs and device analyses, from March 1, 2020, to August 14, 2025." ECF No. 28-2 at 14. Walmart objected to this request as vague, overly broad, unduly burdensome, irrelevant, and disproportionate "because it exceeded the scope of events and did not identify documents with reasonable particularity." ECF No. 28-2 at 14. At oral argument, Johnson explained he wants Walmart to provide the timing of the creation of the video and/or still-images at issue because he wants to be able to authenticate the production. The Court agreed this information was relevant given Johnson's dispute as to the authenticity and/or creation date of the footage. Therefore, the Court **GRANTED** Johnson's motion to compel a supplemental response to Request for Production 21 and **ORDERED** Walmart to produce within twenty-one days either a system log that can authenticate its production or, if no such log exists, an affidavit or declaration attesting to the authenticity and creation date.

In Request for Production 20 and Interrogatory 22, Johnson again sought video, audio, or surveillance footage. ECF No. 28-3 at 18, 43. Walmart maintains it has produced the still images and does not have any footage. *Id.* The Court agreed with Johnson that Walmart should verify, either through a declaration, affidavit, or

other means, that the video footage no longer exists. Therefore, the Court **ORDERED** Walmart to verify within twenty-one days that the video footage no longer exists and that it only possesses the produced still images.

For Interrogatories Seven and Twelve, Walmart represented to the Court that it provided supplemental responses that it believed addressed Johnson's alleged deficiencies. Johnson agreed he had received the supplemental information and was able to use this information for his briefing for the pending motions for summary judgment. Because Johnson received the requested information, the Court **DENIED** this request to compel.

Johnson's remaining challenges to Walmart's discovery responses are without merit. The Court finds Walmart either had a valid objection to Johnson's discovery request, Walmart produced a sufficient response, and/or Walmart addressed any deficiency in its supplemental responses. Therefore, Johnson's motion to compel is **DENIED** to the extent he seeks to compel any additional discovery responses not addressed *supra*. Should any additional discovery issues arise, the parties are encouraged to continue to confer in good faith. If necessary, the parties may request an expedited hearing before the undersigned to address any discovery issues.

Johnson additionally moved the Court for an award of expenses. Federal Rule of Civil Procedure 37(a)(5)(A) does allow a court to award reasonable expenses to the prevailing party on a motion to compel. However, payment may not be awarded if "the opposing party's nondisclosure, response, or objection was substantially

6

justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Here, the Court finds Walmart's nondisclosure was justified and/or other circumstances make an award of expenses to Johnson unjust. The Court specifically notes Walmart conferred in good faith with Johnson throughout the discovery process and promptly provided supplemental responses that addressed nearly all his deficiencies. Therefore, the Court declines to award Johnson reasonable expenses he may have incurred in the filing of this motion.

Finally, Johnson asked for the discovery deadline to be extended to allow him to conduct depositions after receiving supplemental responses. The Court finds good cause exists for the requested extension. Accordingly, Johnson's motion is **GRANTED** to the extent he seeks an extension, and the Court will reopen discovery for thirty days to allow the parties to complete fact discovery. All remaining, unexpired deadlines are continued for approximately 120 days.

**IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** to the extent he seeks an extension, and the discovery deadline shall be reopened for thirty days to allow the parties to complete fact discovery. All remaining, unexpired deadlines are continued for approximately 120 days.

**IT IS FURTHER ORDERED** that the Scheduling Order [Record Document 16] is **VACATED**. The Clerk of Court is directed to issue a new Scheduling Order in due course in accordance with this memorandum order.

### III. Conclusion

For the reasons given, **IT IS ORDERED** that Plaintiff Terry Glenn Johnson's Motion to Compel Discovery Responses and Production is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that Johnson's motion is **DENIED AS MOOT** to the extent he seeks expedited consideration.

**IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** with respect to Requests for Production 20 and 21 and Interrogatory 22. Walmart has twenty-one days to produce a supplemental response to Request for Production 20 and Interrogatory 22 verifying the requested video footage no longer exists. Walmart has twenty-one days to produce a system log authenticating when the video and/or still-image was created or, if no such log exists, an affidavit or declaration attesting to the evidence's authenticity and timing of creation.

**IT IS FURTHER ORDERED** that Johnson's motion is **GRANTED** to the extent he seeks an extension of the discovery deadline. The discovery deadline shall be reopened for thirty days to allow the parties to complete fact discovery. All remaining, unexpired deadlines are continued for approximately 120 days.

**IT IS FURTHER ORDERED** that the Scheduling Order [Record Document 16] is **VACATED**. The Clerk of Court is directed to issue a new Scheduling Order in due course in accordance with this memorandum order.

Johnson's motion is **DENIED** in all other respects.

SIGNED on the 21st day of January, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
U.S MAGISTRATE JUDGE